IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

GLENDA TOLAR, :
:
    Plaintiff, :
:
v. : CIVIL ACTION 09-0353-M
:
MICHAEL J. ASTRUE, :
Commissioner of :
Social Security, :
:
    Defendant. :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 11). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 19). Oral argument was waived in this action (Doc. 18). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evi-

dence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was forty-four years old, had completed an eleventh-grade special education curriculum (Tr. 29), and had no relevant previous work experience (*see* Tr. 24). In claiming benefits, Tolar alleges disability due to mild mental retardation, back and leg pain, hypertension, bilateral carpal tunnel syndrome, diabetes, obesity, and sleep apnea (Doc. 12).

The Plaintiff filed an application for SSI on June 8, 2006 (Tr. 78-80). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that if Tolar would stop abusing alcohol, she would be able to perform a limited range of medium level work in the national economy (Tr. 12-25). Plaintiff requested review of the hearing decision (Tr. 5-6) by the Appeals Council, but it was denied (Tr. 1-3).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Tolar alleges that: (1) The ALJ failed to find that her obesity was a severe impairment; (2) the ALJ improperly denied the opinion of an examining psychologist; and (3) she is disabled under Listing

2

12.05C (Doc. 11).  Defendant has responded to—and denies—these claims (Doc. 13).

Plaintiff first claims that the ALJ failed to find that her obesity was a severe impairment.  In SSR 02-1p, the Social Security Administration issued a ruling entitled *Evaluation of Obesity* which examines the analysis for determining the following:  whether a person is obese (based on a formula known as the Body Mass Index); whether the obesity is a medically determinable impairment; and whether the obesity is severe.  The latter determination is made by determining whether the obesity "significantly limits an individual's physical or mental ability to do basic work activities."  SSR 02-1p.

The Court further notes that the Eleventh Circuit Court of Appeals held that "[a] physician's recommendation to lose weight does not necessarily constitute a prescribed course of treatment, nor does a claimant's failure to accomplish the recommended change constitute a refusal to undertake such treatment." *McCall v. Bowen*, 846 F.2d 1317, 1319 (11th Cir. 1988) (citing *Johnson v. Secretary of Health and Human Services*, 794 F.2d 1106, 1113 (6th Cir. 1986) (noting that "it is impermissible . . . to presume that obesity can be remedied.")).  In *McCall*, the Appellate Court further held that "the Secretary may deny SSI disability benefits only when a claimant, without good reason, fails to follow a prescribed course of treatment that could restore her ability to

work." *McCall*, 846 F.2d at 1319 (citing 20 C.F.R. § 416.930); see *Patterson v. Bowen*, 799 F.2d 1455, 1460 (11th Cir. 1986).

In this action, the ALJ acknowledged that Tolar suffered from obesity, but found that it was non-severe (Tr. 17). He further noted that Plaintiff "is morbidly obese and Dr. Freij has discussed with her ways to lose weight; however, the records indicate that the claimant has not lost any weight and she continues to gain weight" (Tr. 24).

The Court has reviewed Dr. Walid Freij's medical notes from a two-month period of 2006 in which he indicates that he discussed ways to lose weight with Tolar and advised her to lose five pounds a month for the next six months (Tr. 215; see *generally* Tr. 144-19). This is pretty much the extent of his notes concerning her morbid obesity.

The Court finds that to the extent the ALJ concluded that Tolar's obesity was not severe because she did not follow a medical regimen to lose weight, he has not satisfied *McCall*; however, it is, at most, harmless error. Rather, the Court finds that the ALJ's conclusion that her obesity is not severe is correct because there has been no showing that her obesity significantly limits her ability to work, either medially or mentally, as required under SSR 02-1p. The Court has carefully reviewed the argument made by Plaintiff and notes that no medical evidence has been cited to show that her obesity impairs her

4

ability to work, significantly or otherwise (Doc. 11, pp. 5-6). Tolar's claim that the ALJ improperly found her obesity to be non-severe is without merit.

Plaintiff next claims that the ALJ improperly denied the opinion of an examining psychologist. More specifically, Tolar references the opinion of John R. Goff (Doc. 11, pp. 2-5).

Neuropsychologist Goff examined Plaintiff on March 5, 2008 (Tr. 234-40). Though it was, apparently, his first visit with Tolar, Goff noted that he had medical records from four doctors and one hospital to consider in his evaluation (Tr. 234). The Psychologist administered several tests including the WRAT-IV and the WAIS-III on which Plaintiff scored a verbal IQ score of 61, a performance IQ score of 68, and a full scale IQ score of 61. Goff's conclusions were that Tolar was functioning in the mildly retarded range of intelligence, that she was functionally illiterate, and that she had "a number of other adaptive skills area deficits" (Tr. 238). The Psychologist completed a medical source opinion form (Mental) in which he indicated that Plaintiff had extreme limitations in her ability to remember and use her judgment in detailed or complex work-related instructions; she was also extremely constricted in her interests (Tr. 239-40). Goff further indicated that Tolar was markedly limited in her ability to do the following: understand, carry out, or remember simple, detailed, or complex instructions; respond appropriately

to supervision; use judgment in simple one- or two-step work-related decisions; and maintain attention, concentration, or pace for periods of at least two hours (Tr. 239).

The ALJ faithfully reported Goff's findings and conclusions (Tr. 20-21) before stating the following:

> Regarding the opinion of Dr. Goff, it is emphasized that the claimant underwent the examination that formed the basis of the opinion in question not in an attempt to seek treatment for symptoms, but rather, through attorney referral and in connection with an effort to generate evidence for the current appeal. Further, the doctor was presumably paid for the report. Although such evidence is certainly legitimate and deserves due consideration, the context in which it was produced cannot be entirely ignored.

(Tr. 22-23).

The Court notes that the ALJ is required to "state specifically the weight accorded to each item of evidence and why he reached that decision." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). To the extent the ALJ's intent, in the above quoted passage, was to satisfy the requirement of *Cowart*, he has failed; though he obviously does not place much value on the Psychologist's "bought" opinion, the ALJ did not "state specifically the weight accorded" to it.

However, this is not the substance of Plaintiff's claim. As Tolar states: "Though the ALJ did not specifically state the weight he gave Dr. Goff's opinion, one must presume he gave it no

6

weight, as he adopted Dr. McKeown's opinion regarding her limitations in his RFC assessment. (Tr. 23). This is reversible error" (Doc. 11, p. 3). The thrust of Plaintiff's argument is that because McKeown did not examine her, his opinion cannot be given much weight. Tolar is correct in asserting that the opinion of a nonexamining physician "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision." *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990) (citing *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985).

Dr. Doug McKeown is a clinical psychologist (Tr. 76) who testified at the evidentiary hearing as a Medical Expert (hereinafter *ME*) (*see* Tr. 37, 39-40). McKeown stated that, as of the hearing date, he had reviewed all of the medical evidence of record and been present for Plaintiff's testimony (Tr. 37). The Psychologist went on to testify that the medical records indicated that Tolar suffered from chronic alcoholism which may have significantly contributed to her other medical problems (Tr. 39). McKeown credited Goff's IQ testing as valid and concluded that Plaintiff met half of the requirements for Listing 12.05C[1] (Tr. 39-40). He went on to give his opinion that Plaintiff had moderate limitations

---

[1]Plaintiff has claimed that she meets the requirements for this Listing, a claim which will be taken up momentarily.

>           for activities of daily living and social
>           functioning, concentration, persistence and
>           pace and episodes of decompensation.  I would
>           consider a marked impairment for an RFC
>           consideration for any complex and varied
>           tasks, and moderate impairments for following
>           work stresses and concentration, persistence
>           and pace, with mild to moderate impairments
>           on the other categories associated with
>           dealing with the public, supervisors and
>           coworkers.  Simple tasks would be a mild
>           impairment as well.

(Tr. 40).  The ALJ summarized the ME's and gave substantial weight to his conclusions (Tr. 22).[2]  According to the Social Security regulations, an ALJ "may also ask for and consider opinions from medical experts on the nature and severity of [a claimant's] impairment(s) and on whether [that] impairment(s) equals the requirements of any impairment listed in appendix 1 to this subpart."  20 C.F.R. § 404.1527(f)(2)(iii) (2009).  The testimony of these medical experts is supposed to be evaluated the same as the other evidence of record.

As the Court understands it, Plaintiff's objection to the ALJ's reliance on the ME's testimony is the fact that McKeown

---

[2]The Court notes that the ALJ misquoted the ME in finding that McKeown had "**moderate** limitations in performing complex and varied tasks;" McKeown actually found marked limitation (Tr. 22; *cf.* Tr. 40) (emphasis added).  However, the Court further notes that in the ALJ's questioning of the Vocational Expert (hereinafter *VE*), the VE correctly noted the ME's finding of a marked limitation and indicated that Tolar would be able to perform specific jobs in the national economy (Tr. 41-42).
 Though the ALJ misstated a portion of the ME's testimony in summarizing it in his opinion, the Court finds that it was only harmless error.

never examined her.  While the Court is sympathetic to Tolar's claim, the regulations allow for this seemingly[3] incongruous result in which the opinion of a non-examining physician takes priority over an examining physician's conclusions.  Plaintiff's claim is without merit.

Tolar's final claim is that she is disabled under Listing 12.05C.  The introductory notes to Section 12.05 state that "[m]ental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the development period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05 (2009).  Subsection C requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05C (2009).

The ALJ found that if Plaintiff "stopped the substance use, the claimant would not have an impairment or combination of

---

[3]*Seemingly* is the word to focus on in this statement.  The bottom line is that all conclusions must be supported by the evidence.
Frankly, there is not a great deal of evidence in this record.  While Goff examined Tolar once and did administer some objective tests which provided a valid assessment of her intellectual range, his conclusions with regard to Plaintiff's ability to work have no more support in the balance of the record than those of McKeown who examined only the medical evidence of record.  In the end, the ALJ has to make a decision between the two.  This Court cannot say that the ALJ's choice was not supported by substantial evidence.

impairments that meets or medically equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1" (Tr. 23). The Court finds substantial support for this conclusion.

Tolar's IQ scores satisfy the first requirement of 12.05C. However, there has been no showing of "a physical or other mental impairment imposing an additional and significant work-related limitation of function." The only impairment suggested by Plaintiff is her obesity (Doc. 11, p. 7). Earlier in the Opinion, however, the Court specifically found "that no medical evidence has been cited to show that her obesity impairs her ability to work, significantly or otherwise" (p. 5). Tolar's argument otherwise gains no new momentum here. This claim is without merit.

Plaintiff has raised three claims in bringing this action. All are without merit. Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, see *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**. Judgment will be entered by separate Order.

DONE this 5th day of January, 2010.

    s/BERT W. MILLING, JR.
    UNITED STATES MAGISTRATE JUDGE